UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**This document relates to:**
*Luks et al. v. Davol, Inc. et al.*,
Case No. 2:19-cv-103

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUGGTION OF REMAND

On September 23, 2021, Plaintiffs Stephen Luks, Karen Savage, Darren Stevenson, and the Estate of Linda Luks filed a motion requesting that the Court suggest to the United States Judicial Panel on Multistate Litigation ("JPML") that this case be remanded. (ECF No. 23.) This case was transferred to this Court by the JPML on January 11, 2019. (ECF No. 15.) Plaintiffs contend that remand to the District of Arizona, the original venue of this action, is appropriate. (ECF No. 23 at PageID #289.)

"The ultimate authority for remanding an action transferred for multidistrict litigation lies with the [JPML] itself." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 04 Civ. 4968 (VSB), 2017 WL 5468758, at *2 (S.D.N.Y. Nov. 13, 2017); *see also* 28 U.S.C. § 1407(a). JPML Rule 10.1(b)(i) permits a transferee district court in a multidistrict litigation (MDL) to make a suggestion of remand to the JPML. District courts rely on the same standards for remand as the JPML when determining whether to make a suggestion of remand. *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). "[A] party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re Integrated Res., Inc.*

*Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994). A district court will make a suggestion for remand when its authority under 28 U.S.C. § 1407(a) concludes. *In re Nat'l Century Fin. Enters, Inc. Fin. Inv. Litig.*, No. 2:03-MC-1565, 2004 WL 882456, at *2 (S.D. Ohio Mar. 25, 2004). Section 1407(a) only authorizes a transferee district court to conduct coordinated or consolidated pretrial proceedings. Remand may also be appropriate even when common pretrial proceedings have not yet concluded if the individual case at issue does not share questions with the MDL's common pretrial proceedings. *See In re Wilson*, 451 F.3d 161, 170 (3d Cir. 2006); *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977). Remand is unadvisable "when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" *In re Nat'l Century*, 2004 WL 882456, at *2 (quoting *In re Heritage Bonds Litig.*, 217 F.Supp.2d 1369, 1370 (J.P.M.L. 2002)). Put more simply, the issue of remand "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Methyl*, 2017 WL 5468758, at *2 (quoting *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 MD 2030(LAP), 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010)).

Plaintiffs do not meet their burden to show that remand is appropriate at this time. Consolidated and coordinated pretrial proceedings in the MDL are ongoing. Six bellwether trials will take place, the goal being that these trials will further the pretrial proceedings of every other case in the MDL. (MDL No. 18-md-2846, ECF No. 62.) At this time, only one bellwether trial has been held. (*See* Case No. 18-cv-01509.) Plaintiffs argue that there is no indication that any bellwether trial applies to their case. (ECF No. 23 at PageID #293–94.) To the Court's knowledge, each of the six bellwether trials applies to all the cases in this MDL. The bellwether trials reflect common issues in these cases, and so each trial will educate the Court and the parties about the

issues and the legally appropriate resolution, hastening an efficient resolution in all cases. *See Solis v. Lincoln Elec. Co.*, No. 1:04–CV–17363, 2006 WL 266530, at *1 (N.D. Ohio Feb. 1, 2006). The six jury verdicts will also inform the parties in individual cases of the best course forward, be it further pretrial proceedings, and eventually trial, or settlement.

Plaintiffs claim that because the device at issue in this case, the Composix Kugel, is not represented in any of the bellwether trials, there is no benefit to the parties for this case to remain in the MDL. However, there are six scheduled bellwether trials and 21 devices at issue in this MDL. (MDL No. 18-md-2846, ECF No. 67 at PageID #1045.) Not every device is represented in the six bellwether trials, but that does not mean that any case related to a device not present in a bellwether trial should be excluded from the MDL. Based on numbers from 2018, Plaintiffs speculate that "0.1% to 0.01%" of the total cases in this MDL relate to the Composix Kugel. (ECF No. 23 at PageID #296.) However, as Defendants point out, there are "hundreds of Composix Kugel cases now in the MDL." (ECF No. 24 at PageID #302.) Additionally, the ring feature of the Composix Kugel that Plaintiffs claim is unique in this MDL "is present in six other devices in the MDL, making up more than 1/3 of the total MDL inventory." (*Id.*)

In their Motion, Plaintiffs point to a previous MDL, *In Re: Kugel Mesh Hernia Patch Products Liability Litigation*, MDL No. 1842, No. I:07-MD-1842-ML (D.R.I.). (ECF No. 23.) Plaintiffs argue that this case will not benefit from the current MDL's coordinated proceedings because the Composix Kugel was already at issue in MDL No. 1842, and the work done and documents produced in the previous MDL are sufficient; Plaintiffs claim that being transferred to this MDL has caused "years of delay" in prosecuting this case. (*Id.*) However, other devices at issue in the previous MDL are also present in this MDL, including the Ventralex, which is at issue in the second bellwether trial. (*See* Case No. 18-cv-1320.) Plaintiffs' motion seems to largely

3

center on the fact that the MDL "is progressing slowly and has at times focused on other parties, [and so this case's] continued inclusion in the MDL is no longer of benefit as [the] individual claims could have been resolved more quickly in a separate action and, therefore, the Court should exercise its discretion in [favor of remand]." *In re Reciprocal of Am. (ROA) Sales Pracs. Litig.*, No. CV 04-2410, 2012 WL 13018843, at *3 (W.D. Tenn. Apr. 11, 2012). However, this Court is "unconvinced that such an assertion forms the basis for a suggestion for remand." *Id.* (citing *In re Ameriquest Mortg. Co. Mortg. Lending Pracs. Litig.*, No. 05-7097, 2010 WL 1418399, at *2 (N.D. Ill. Apr. 6, 2010) ("Although we acknowledge that [the plaintiff] may feel that the multidistrict litigation has not benefitted her, she has not identified any authority which would permit us to suggest a remand because of the alleged uniqueness of her claims or the delay associated with inclusion in the MDL.")).

Plaintiffs also argue that their case is different because it includes a wrongful death claim. However, this is not the only wrongful death case in this MDL, and Plaintiffs' claims are still based on an alleged injury caused by one of the hernia mesh devices included in this MDL. It does not appear that any allegedly unique claims by Plaintiffs "predominate over any common issues of fact, as Plaintiff[s] claim[] they do." *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 CIV. 5043 (LAP), 2010 WL 2541227, at *3 (S.D.N.Y. June 11, 2010).

Accordingly, Plaintiffs' Motion for Suggestion of Remand (ECF No. 23) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**2/22/2022**　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

4